[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 450.]

THE STATE EX REL. REAMER, APPELLANT, V. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State ex rel. Reamer v. Indus. Comm., 1997-Ohio-42.]

*Workers' compensation—Denial of wage loss compensation by Industrial Commission not an abuse of discretion when claimant voluntarily removes himself from the full-time labor market and limits himself to part-time work for reasons unrelated to his injury.*

(No. 94-2459—Submitted November 12, 1996—Decided February 19, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD08-1177.

———————

{¶ 1} Appellant-claimant, James F. Reamer, was injured in 1988 while in the course of and arising from his employment as a general laborer with appellee Sisters of St. Francis. His workers' compensation claim was allowed for "lumbosacral strain/sprain, sacroiliac strain/sprain." The injury resulted in a permanent restriction against claimant's engaging in repetitive lifting of over seventy-five pounds. Although no other limitations were imposed, the lifting restriction prevented claimant from doing his former job, and claimant was released from his employment.

{¶ 2} Claimant worked sporadically for two employers between May 24, 1990 and September 17, 1990. In mid-September of that year, claimant began full-time university studies and got a part-time job at the school library. In 1991, claimant moved appellee Industrial Commission of Ohio for wage-loss compensation pursuant to R.C. 4123.56(B). A district hearing officer denied compensation, writing:

"The claimant is attending college and is not available for full time employment. [H]is employment consists of work study. The request for wage loss

under [R.C.] 4123.56(B) is therefore denied.  The Claimant's wage loss is found not related to the injury."

{¶ 3} The regional board of review affirmed, as did commission staff hearing officers, who clarified the period of compensation denial as May 24, 1990 through March 30, 1993.

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying wage-loss compensation.  The appellate court denied the writ.

{¶ 5} This cause is now before this court upon an appeal as of right.

*Gallon & Takacs Co., L.P.A.*, and *Theodore A. Bowman*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee Industrial Commission.

*Brent T. Howard*, for appellee Sisters of St. Francis.

_____

***Per Curiam.***

{¶ 6} R.C. 4123.56(B) provides:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

{¶ 7} Supplementing the statute, Ohio Adm. Code 4121-3-32(D) provides:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation [for] wage loss pursuant to division (B) of section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

**{¶ 8}** Wage loss has two components -- actual wage loss and causal relationship to claimant's injury. *State ex rel. The Andersons v. Indus. Comm.* (1992), 64 Ohio St.3d 539, 597 N.E.2d 143. Claimant concededly made less over the disputed period than he did at Sisters of St. Francis. At issue is whether the wage diminution was causally related to his injury. For the reasons to follow, we find that it was not.

**{¶ 9}** Claimant maintains that once an inability to return to the former position of employment has been causally related to his injury, wage loss eligibility is established. This is incorrect. Where compensation, as here, is sought pursuant to Ohio Adm. Code 4121-3-32(D), it is necessary to explore why the particular alternative job was selected. As we stated in *State ex rel. Pepsi-Cola Bottling Co. v. Morse* (1995), 72 Ohio St.3d 210, 216, 648 N.E.2d 827, 832-833:

"Pepsi's better argument is one that may ultimately prove inherent whenever lower-paying alternate employment underlies a request for wage-loss compensation - - the reason for taking the job. This is particularly relevant where the alternate employment is a part-time job, since the combined amount of wages and compensation could produce close to a full-time weekly income for part-time work. Wage-loss compensation was not intended to provide a disincentive to resumption of full-time employment or to subsidize - -at the State Insurance Fund's or self-insured employer's expense -- a part-time lifestyle. Conversely, if a part-

time job is the only work available within a claimant's post-injury capabilities, he or she should not be discouraged from accepting it."

{¶ 10} The present claimant had a minimal physical-capability restriction -- no repetitive lifting of over seventy-five pounds -- that would preclude few jobs. This left claimant with a wide array of lighter jobs that he could have performed on a full-time basis. Since claimant provided no evidence of a job search that might have shown that such full-time work was unavailable, the commission did not abuse its discretion in concluding that claimant voluntarily removed himself from the full-time labor market and thus limited himself to part-time work for reasons unrelated to his injury. Such a voluntary limitation bars wage-loss compensation.

{¶ 11} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____