THE STATE EX REL. JONES, APPELLANT, *v.* KAISER FOUNDATION HOSPITALS CLEVELAND ET AL., APPELLEES.

[Cite as *State ex rel. Jones v. Kaiser Found. Hosp. Cleveland* (1999), 84 Ohio St.3d 405.]

(No. 96–2225—Submitted January 13, 1999—Decided February 3, 1999.)

*Mondello & Levey* and *Scott I. Levey,* for appellant.

*Duvin, Cahn & Hutton* and *Christine C. Covey,* for appellee Kaiser Foundation Hospitals Cleveland.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellee Industrial Commission.

---

*Per Curiam.* A single issue is before us: Did the Industrial Commission abuse its discretion in denying, for lack of evidence of a good-faith job search, wage-loss compensation to claimant? Upon review, we find that it did not.

A claimant who seeks wage loss for the earnings differential between the former position of employment and subsequent employment may find the latter subject to scrutiny. This is particularly true where the subsequent job is not a "traditional" full-time job, but is instead a self-employed or part-time position. *State ex rel. Pepsi–Cola Bottling Co. v. Morse* (1995), 72 Ohio St.3d 210, 648

N.E.2d 827; *State ex rel. Ooten v. Siegel Interior Specialists Co.* (1998), 84 Ohio St.3d 255, 703 N.E.2d 306. Additional scrutiny serves to ensure that the requisite causal relationship exists, *i.e.*, that claimant's job choice was motivated by an injury-induced unavailability of other work and was not simply a lifestyle choice.

In *Ooten*, we recently upheld a denial of wage-loss compensation to a claimant who, without first conducting a job search, became self-employed after he lost his ability to return to his former job. We reasoned that the claimant never put himself into the labor market long enough to demonstrate that his injury prevented him from securing other employment at the pre-injury rate. Consequently, we ruled that the commission did not err in concluding that considerations other than claimant's industrial injury motivated his decision to go into business for himself.

Unlike the claimant in *Ooten*, the present claimant argues that she performed a job search. While she admits that she presented no evidence of a job search, she claims that such evidence is unnecessary. She states that a job search should be inferred from her successful acquisition of subsequent employment. We disagree.

The mere fact of a job search does not entitle a claimant to wage-loss compensation. There is a qualitative component to that job search that must be satisfied—one of adequacy and good faith. *State ex rel. Consol. Freightways v. Engerer* (1996), 74 Ohio St.3d 241, 658 N.E.2d 278. Adequacy is determined on a case-by-case basis and can encompass many factors, including the number and character of job contacts. *State ex rel. Vanover v. Emery Worldwide* (1997), 80 Ohio St.3d 367, 686 N.E.2d 518. Adequacy cannot be evaluated when a claimant fails to submit any evidence of his or her job contacts. Accordingly, the commission did not abuse its discretion in finding that claimant did not fulfill her burden of proof in establishing a good-faith job search.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.