THE STATE EX REL. DIBBLE, APPELLANT, *v.* PRESRITE
CORPORATION ET AL., APPELLEES.

[Cite as *State ex rel. Dibble v. Presrite Corp.* (1999), 85 Ohio St.3d 275.]

(No. 96–2166—Submitted January 26, 1999—Decided April 7, 1999.)

278

*Weiner, Suit & Coury* and *Walter Kaufmann,* for appellant.

*Wegman, Hessler, Vanderburg & O'Toole, Keith A. Vanderburg* and *Christopher A. Holecek,* for appellee Presrite Corporation.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for appellee Industrial Commission.

*Per Curiam.* A single issue is presented: Is there "some evidence" to support the commission's conclusion that Presrite had (1) isolated its electrical equipment and (2) did not require claimant to work on energized equipment so as to render inapplicable specific safety requirements dealing with insulated personal protective equipment? Upon review, we find that one of the factual conclusions on which the commission relied is not supported by "some evidence" and that analysis of another is incomplete. As such, the cause is returned for further consideration and amended order.

In finding that claimant was not required to work around energized lines, the commission concluded that claimant (1) could have deenergized the transformer, but (2) chose not to because he believed that the hoses could be checked only with the transformer on. No evidence supports the second finding. Claimant never

said that he entered the energized transformer cabinet because it was the only way to check the hoses. To the contrary, claimant specifically said that the transformer did not need to be on because the coolant pump was on a separate circuit.

Claimant testified that the reason he did not cut the transformer's power was because he was unable to contemporaneously do so, due to a broken interlock knife switch. Unfortunately, the commission never addressed this crucial allegation. In examining only the interlock's design and installation, it considered theory but not reality. In addressing how the interlock was supposed to work, the commission ignored how it did work on the date of injury. The commission must address this key point.

Accordingly, the judgment of the court of appeals is reversed, and the cause is returned to the commission for further consideration and amended order.

*Judgment reversed*
*and cause returned.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.