MEMORANDUM DECISION
Relator, Jesse Wagers, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its August 21, 1998 order, which denied compensation for temporary total disability ("TTD") and wage loss compensation, and to issue an order granting the request for TTD and wage loss compensation.
This matter was referred to a court-appointed magistrate, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and has recommended that this court deny relator's request for a writ of mandamus. Relator filed objections to the magistrate's decision.
Relator argues in his first objection that the magistrate erred in finding some evidence to support the commission's denial of TTD. Relator cites no specific reason for his objection and relies solely upon the arguments previously presented to the magistrate. After reviewing the magistrate's decision and relator's brief before the magistrate, we find that the magistrate did not err in finding that the commission had some evidence to support its determination that relator's voluntary retirement on January 3, 1997 precluded his claim for TTD from March 1, 1997 through February 27, 1998.
Relator argues in his second objection that the magistrate erred in finding that the commission had some evidence for its denial of wage loss compensation. Specifically, the magistrate found that the commission had some evidence to support its determination that relator failed to present persuasive medical evidence that, subsequent to his voluntary retirement, he was medically unable to secure work comparable in pay to the former position of employment. Relator claims that the commission arbitrarily rejected the reports of Dr. van Loveren, relator's treating physician, without providing a reasonable basis for such rejection. However, we find that both the commission and the magistrate cited bases for rejecting Dr. van Loveren's medical reports.
The commission found the work restrictions contained in Dr. van Loveren's medical reports unreliable because relator returned to his previous job after his injury and fully performed his duties without restrictions, including overtime shifts and service on the S.W.A.T. team. In Frederick v. Licking Cty. Dept.of Human Serv. (1998), 82 Ohio St.3d 227, the Supreme Court of Ohio denied wage loss compensation to an employee that had returned to her employment after being injured and completely performed in this position for nearly one year before being laid off for economic reasons. Although she suffered a wage loss when she subsequently accepted another secretarial position, the Court found that she could not recover wage loss compensation because she was fully capable of performing her former duties before being laid off. Likewise, in the present case, there was substantial evidence that relator was fully capable of performing his duties before he voluntarily retired from his former employment and, thus, the commission could reasonably find Dr. van Loveren's conclusions as to relator's work restrictions unreliable.
Further, the magistrate provided his own reasoning for finding Dr. van Loveren's medical reports unpersuasive. The magistrate specifically discounted Dr. van Loveren's August 13, 1998 report as a belated attempt to connect the industrial injury to relator's retirement and his subsequent acceptance of a job as a property caretaker. The magistrate also stated that Dr. van Loveren belatedly attempted to give his February 3, 1998 restrictions a retroactive effect to when relator began employment as a maintenance worker in February and March 1997.
Relator also claims that neither the magistrate nor the commission mentioned the February 18, 1998 letter of Dr. van Loveren when discussing the merits of the wage loss claim. However, the magistrate included the contents of the entire report in his findings of fact, and later found that none of the medical evidence was persuasive, thereby necessarily including the February 18, 1998 letter. We also note that a review of the February 18, 1998 letter lends little support to relator's claims. Although Dr. van Loveren states in the letter that he hoped relator's new career after retirement would put diminished stress on his spine, he clearly does not conclude that relator was incapable of performing his full duties as a police officer before retirement, that an injury was the reason for relator's retirement, or that there was any change in relator's medical condition between relator's retirement and his subsequent employment.
After an examination of the magistrate's decision, an independent review pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule his objections and find that the magistrate sufficiently discussed and determined the issues raised by relator. Accordingly, we adopt the magistrate's decision as our own and deny relator's request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
TYACK and DESHLER, JJ., concur.