DECISION
{¶ 1} Relator, Paul R. McCabe ("relator"), commenced this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying him wage loss for a period from December 30, 1996 through April 20, 1997. *Page 2 
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate concluded that the commission did not abuse its discretion and recommended that this court not issue a writ of mandamus. Relator filed objections to the magistrate's decision, and the commission filed a memorandum opposing the objections. This cause is now before the court for a full review.
 {¶ 3} Relator lodges two objections to the magistrate's decision. First, relator objects that the magistrate's first finding of fact does not state that relator's claim has been allowed for "spinal stenosis — lumbar." The commission did not respond to this objection. Relator acknowledges that this error does not affect the result of this action, but objects to the factual omission "for the sake of completeness." (Objections, 3.) The stipulated record reveals that relator's claim has indeed been allowed for "spinal stenosis — lumbar." Accordingly, relator's first objection is sustained.
 {¶ 4} In his second objection, relator objects to the magistrate's application of R.C. 4123.52. That statute provides, inter alia:
 The commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided the application is filed within the time limit provided in this section.
 {¶ 5} The magistrate concluded that the foregoing statute bars the wage loss benefits that relator seeks because those benefits correspond to a period of time more than two years prior to the filing of relator's December 2005 C-86 motion. As the *Page 3 
commission points out in its memorandum, relator presents no new arguments on this point. Relator's argument rests on the premise that his July 1995 application for wage loss constitutes the "application" to which the benefits he seeks relate. We agree with the magistrate's conclusion that the award that followed that application was conditioned upon continuing "submission of C94 and copy of pay stubs." (Stip. Rec., 4.) Relator failed to submit his pay stubs pertaining to the period for which he now seeks benefits, and, as a result, his wage loss benefits ceased and no longer continued to "accrue." More than nine years later, relator filed his December 2005 C-86 motion for benefits for the relevant period, and that C-86 constitutes the "application" for purposes of R.C. 4123.52. Because the benefits that relator seeks correspond to "a back period in excess of two years prior to the date of filing application therefor," they may not be awarded, pursuant to the plain language of the statute. The magistrate correctly determined this issue, which is dispositive of relator's claim. Accordingly, relator's second objection is overruled.
 {¶ 6} Having undertaken a review of relator's objections, considered the arguments of the parties, and independently appraised the evidence, we sustain relator's first objection and overrule relator's second objection. We adopt the findings of fact contained in the magistrate's decision, except that we modify the first finding of fact to reflect that relator's claim has been allowed for "spinal stenosis — lumbar," we adopt the conclusions of law contained therein, and we deny the requested writ of mandamus.
Objections sustained in part and overruled in part;
 writ of mandamus denied.
 BRYANT and KLATT, JJ., concur. *Page 4 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS {¶ 7} Relator, Paul R. McCabe, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's request for wage loss *Page 5 
compensation for the period December 30, 1996 to April 20, 1997, and ordering the commission to find that relator is entitled to that compensation.
Findings of Fact: {¶ 8} 1. Relator sustained a work-related injury on December 11, 1989, and his claim has been allowed for "lumbar sprain, degenerative disc disease of the spine with HND L4-5 and radiculopathy."
 {¶ 9} 2. In July 1995, relator filed a motion requesting wage loss compensation beginning July 1994. This motion was supported by the May 2, 1995 report of his treating physician, William D. Barker, M.D., who opined that relator had permanent restrictions which prevented him from returning to his former position of employment. Relator also attached pay stubs to substantiate the wage loss.
 {¶ 10} 3. By order dated July 17, 1995, the Ohio Bureau of Workers' Compensation ("BWC") granted relator's motion and awarded working wage loss from July 11, 1994 to the present and continuing based upon submission of C-94s and copies of pay stubs.
 {¶ 11} 4. Relator submitted pay stubs documenting his lost wages and was paid working wage loss compensation through October 13, 1996. No payments were made after October 1996 because relator did not submit any additional information to substantiate the payment of same.
 {¶ 12} 5. It is undisputed that relator continued to have significant low back problems. He was awarded 15 percent permanent partial disability in 1998, underwent surgery in March 2003, and received periods of temporary total disability ("TTD") compensation. *Page 6 
 {¶ 13} 6. In September 2005, relator filed pay stubs covering the period of time from December 30, 1996 to April 20, 1997.
 {¶ 14} 7. Because relator did not receive a response from the BWC, he filed a C-86 motion in December 2005 requesting "[p] ayment of working wage loss previously awarded by the bureau. Payment being last 83 weeks of the 200 week total award (order date 7.17.95, last pmt. app. 30 Oct. 96)."
 {¶ 15} 8. Relator's motion was heard before a district hearing officer ("DHO") on January 10, 2006 and was denied. The DHO determined that the commission did not have jurisdiction to order the payment of working wage loss compensation for any period more than two years prior to the filing of the request for compensation.
 {¶ 16} 9. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on February 15, 2006. The SHO affirmed the prior DHO's order and denied relator's request for working wage loss compensation as follows:
 The Staff Hearing Officer concurs with the District Hearing Officer's finding that there is no jurisdiction to consider payment of working wage loss compensation based on pay stubs starting on 12/30/1996. The recently filed pay stubs go through the period of 09/24/2001. As noted by the District Hearing Officer, none of these pay stubs were filed until 09/06/2005.
 The District Hearing Officer is correct in concluding that there is no jurisdiction to order payment of working wage loss compensation for any period more than two years prior to the filing of the effective request for said compensation.
 As noted by the District Hearing Officer, the 07/17/1995 BWC Order granted working wage loss compensation from 07/14/1994 through 07/17/1995. This order also indicated that further compensation would be considered upon submission of C-94-As and copies of pay stubs. The injured worker did submit copies of pay stubs through 10/13/1996. *Page 7 
Pursuant to the BWC Order, it was incumbent upon the injured worker to timely file the pay stubs in order to receive working wage loss compensation. He did not do so until September of 2005. The injured worker apparently believe[d] that the compensation was "money in the bank" and that he could come back to the "bank" at some undetermined time in order to get these funds if he so needed them. This is not well taken.
 The Staff Hearing Officer finds that the two year statu[t] e of limitations of R.C. 4123.52 applies to this situation. Accordingly, this precludes payment of working wage loss compensation from 12/30/1996 through 09/24/2001.
 {¶ 17} 10. Relator's further appeal was refused by order of the commission mailed January 5, 2007.
 {¶ 18} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 19} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 20} In order to receive workers' compensation, a claimant must show not only that a work-related injury arose out of and in the course of employment, but, also, that a direct and proximate causal relationship exists between the injury and the harm or disability. State ex rel.Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452. This principle is equally applicable to claims for wage loss compensation. State ex rel.The Andersons v. Indus. Comm. (1992), 64 Ohio St.3d 539. As noted by the court in State ex rel. Watts v. Schottenstein Stores Corp. (1993),68 Ohio St.3d 118, a wage loss claim has two *Page 8 
components: a reduction in wages and a causal relationship between the allowed condition and the wage loss.
 {¶ 21} In this mandamus action, relator contends that the commission abused its discretion by applying the two-year statute of limitations contained in R.C. 4123.52 to deny him wage loss compensation beginning December 30, 1996. Relator argues that the commission misconstrued his December 2005 request for the continuation of wage loss compensation which had previously been awarded to him by BWC order dated July 17, 1995, as a new motion. Relator contends that because the original motion for wage loss compensation was timely filed and was thereafter supported by proper evidence substantiating the wage loss, the fact that relator failed to submit any additional evidence of a wage loss between October 1996 and December 2005 is irrelevant. In response, the commission argues that relator's failure to substantiate ongoing wage loss after October 1996 resulted in relator's wage loss compensation being discontinued. As such, the commission argues that the December 2005 request for wage loss compensation was, in essence, a new application because wage loss compensation was not currently being paid and found that the two-year statute of limitations in R.C. 4123.52 applied.
 {¶ 22} R.C. 4123.52 provides, in pertinent part:
 * * * The commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided the application is filed within the time limit provided in this section. *Page 9 
 {¶ 23} Relator argues that this case is analogous to the situation presented in State ex rel. Rizer v. Indus. Comm. (2000),88 Ohio St.3d 1. In Rizer, the claimant applied for wage loss compensation in August 1995 alleging a wage loss period of September 1994 to date. Later, on May 9, 1996, claimant amended her application to request a wage loss period beginning March 2, 1994. The commission found that the claimant was not entitled to wage loss from March 2 to May 8, 1994, because she filed her amended application on May 9, 1996, and R.C. 4123.52 precluded any award for a back period in excess of two years prior to the date of filing of the application.
 {¶ 24} Ultimately, the Supreme Court of Ohio determined that the important date for purposes of R.C. 4123.52 was the initial date the claimant filed her application: August 25, 1995. The fact that the claimant later amended her application to request an earlier period of wage loss was immaterial so long as the new start date for which she was requesting compensation was no more than two years before the August 25, 1995 application. Because March 2, 1994 was less than two years before August 25, 1995, the court found that the commission had misapplied R.C.4123.52, and that the claimant was entitled to wage loss compensation for this period.
 {¶ 25} Contrary to relator's assertions, the facts of this case make the decision in Rizer inapplicable. Here, relator made a proper application for wage loss compensation in 1995 and, in July 1995, the BWC awarded him that compensation and began paying same. So long as relator continued to submit evidence to support a continuing period of wage loss compensation, that compensation was paid to him. However, as of October 13, 1996, relator ceased providing any documentation to indicate that he continued to have a wage loss as a result of the allowed conditions in his claim and no further compensation *Page 10 
was paid. Relator did not amend his application. Instead, nine years later, relator produced evidence of his wage loss from November 1996 on. Clearly, relator did not meet his ongoing obligation to file documentation demonstrating a continued period of wage loss compensation. In essence, by his own actions, relatorterminated his wage loss compensation.
 {¶ 26} The commission argues that this court's decision in State exrel. Chesnick v. Nestle USA — Prepared Foods Division, Inc., (July 22, 2004), Franklin App. No. 03AP-628, is analogous to relator's situation. In Chesnick, the claimant was being paid TTD compensation by her employer, who was self-insured. As long as the claimant submitted ongoing documentation to her employer that she continued to be temporarily and totally disabled, her employer continued to pay her that compensation. As such, TTD compensation was paid through December 1, 2001. After that time, the claimant failed to submit any additional medical evidence of continuing disability and the employer discontinued paying her TTD compensation. Three months later, the claimant submitted medical evidence from her treating physician certifying TTD compensation from December 1, 2001 to June 1, 2002. The employer denied the claimant's request for compensation.
 {¶ 27} The claimant filed a mandamus action and argued that the employer had wrongfully terminated her TTD compensation. This court disagreed and found that, contrary to the claimant's assertions, her entitlement to ongoing TTD compensation was not automatic. Instead, the claimant was required to submit ongoing medical proof that she continued to be disabled and, when she failed to submit any medical evidence, her entitlement to that ongoing TTD compensation ceased. When the claimant filed a new C-84 *Page 11 
in March 2002 and her employer refused to pay that compensation, the matter became a contested issue and was properly set before the commission for determination.
 {¶ 28} The magistrate finds that the reasoning from Chesnick is helpful even though it is not on point in the present case. Relator had an obligation to continue to submit documentation that he experienced a wage loss due to the allowed conditions in his claim. When relator ceased submitting that documentation, his wage loss compensation stopped. Relator was still eligible for more weeks of wage loss compensation because he had not yet been paid the full 200 weeks; however, in the present case, he failed to submit the relevant documentation until nine years later.
 {¶ 29} R.C. 4123.52 provides that the commission shall not make any modification, change, finding or award which awards compensation for a back period in excess of two years. Relator requests that the commission award him wage loss compensation for a period nine years prior to the date he provided evidence of his entitlement to that compensation. Relator asserts that, because his application was timely filed in 1995, the commission must award him the remaining compensation requested despite his failure to file C-94s and submit pay stubs for nine years.
 {¶ 30} Whether one considers relator's December 2005 motion a new application or not, relator was requesting an award of compensation beyond two years from his request for the payment of that compensation. Relator had a continuing duty to provide evidence of his wage loss in the form of C-94s and pay stubs. If relator would have filed the instant motion by October 1998 (two years after the last payment of compensation), the commission could have adjudicated his request. However, given these facts, the *Page 12 
magistrate finds that the commission did not abuse its discretion by applying R.C. 4123.52 and denying relator's request for compensation.
 {¶ 31} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in denying him wage loss compensation and this court should deny relator's request for a writ of mandamus.
 STEPHANIE BISCA BROOKS, MAGISTRATE *Page 1