THE STATE EX REL. OLDAKER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Oldaker v. Indus. Comm.*, 143 Ohio St.3d 405, 2015-Ohio-2569.]

(No. 2014–0460—Submitted April 14, 2015—Decided June 30, 2015.)

**Per Curiam.**

{¶ 1} Appellant, Kenneth D. Oldaker II, appeals the judgment of the Tenth District Court of Appeals denying his request for a writ of mandamus that would require appellee Industrial Commission to award him compensation for working wage loss. The court of appeals determined that the evidence in the record supported the commission's decision to deny Oldaker's application, because he failed to make a good-faith effort to search for comparably paying suitable employment when unable to return to his former position as a firefighter.

{¶ 2} We agree and affirm the judgment of the court of appeals.

*Facts*

{¶ 3} On April 20, 2009, Oldaker was injured in the course and scope of his employment with the city of Columbus, Division of Fire. He had been with the fire division since 1987 and was a lieutenant at the time of his injury. His workers' compensation claim was allowed for sprained right knee, right-knee medial meniscus tear, and substantial aggravation of preexisting right-knee degenerative joint disease. He received temporary-total-disability compensation for a period of time. On January 25, 2012, the Ohio Police and Fire Pension Fund granted Oldaker's application for a partial-disability retirement.

{¶ 4} On April 30, 2012, Oldaker accepted a position as a deer-herd manager with Crosswoods Whitetails, L.L.C., a company owned by his wife that raises deer for breeding, hunting, and meat. Oldaker worked 35 hours a week at $9.50 an hour, earning approximately $332.50 a week.

{¶ 5} On June 18, 2012, Oldaker applied to the Bureau of Workers' Compensation for wage-loss compensation to partially compensate him for the difference between his average weekly wage as a firefighter and his lower earnings from Crosswoods. A commission staff hearing officer determined that Oldaker's current position was medically suitable work but that it was not comparably paying because his earnings of $322.50 a week in that position were far below his average weekly wage of $1,677.85 as a firefighter. The hearing officer noted that after a relatively brief job search, Oldaker did not continue a good-faith search for comparably paying work once he was hired by Crosswoods, despite his obligation under former Ohio Adm.Code 4125–1–01(D)(1)(c), 1996–1997 Ohio

Monthly Record 1992–1993, effective May 15, 1997, to do so.[1] The hearing officer denied Oldaker's application.

{¶ 6} Oldaker filed this action in the Tenth District Court of Appeals seeking a writ of mandamus. The court of appeals denied the writ, stating:

> Relator searched for comparably paying suitable work for a little more than one month before taking a low paying job with his wife's company, working out of their home. Relator stopped all efforts to search for comparably paying suitable work after taking the job with his wife's company. Given these undisputed facts, we find that the commission did not abuse its discretion in denying [working-wage-loss] compensation.

10th Dist. Franklin No. 13AP–288, 2014-Ohio-470, 2014 WL 546894, ¶ 5.

{¶ 7} Oldaker's appeal as of right is before the court.

*Legal Analysis*

{¶ 8} R.C. 4123.56(B) provides for compensation for wage loss for persons unable to return to a former position of employment due to a workplace injury or occupational disease, but still able to do some work. If eligible, the injured worker may be entitled to receive a percentage of the difference between the prior and current income for up to 200 weeks. *See State ex rel. Ameen v. Indus. Comm.,* 100 Ohio St.3d 161, 2003-Ohio-5362, 797 N.E.2d 78.

{¶ 9} To be entitled to wage-loss compensation, the worker must demonstrate an actual wage loss caused by the allowed conditions of the claim. *State ex rel. Reamer v. Indus. Comm.,* 77 Ohio St.3d 450, 452, 674 N.E.2d 1384 (1997); *State ex rel. Watts v. Schottenstein Stores Corp.,* 68 Ohio St.3d 118, 121, 623 N.E.2d 1202 (1993). At the time of Oldaker's application, former Ohio Adm.Code 4125–1–01(C) and (D), 1996–1997 Ohio Monthly Record at 1991–1993, were the provisions that required him to provide evidence of having made a good-faith effort to search for comparably paying suitable work along with a physician's opinion of all medical restrictions.

{¶ 10} "Suitable employment" is work within the claimant's physical capabilities. Former Ohio Adm.Code 4125–1–01(A)(7), 1996–1997 Ohio Monthly Record at 1990. Employment is "comparably paying work" if the claimant's weekly rate of pay is equal to or greater than the average weekly wage paid in the former

---

1. Ohio Adm.Code 4125–1–01 was revised effective February 13, 2014. Many of its provisions were renumbered but are substantially similar to the former provisions. All references in this opinion are to the previous version of the rule, which was in effect at the time of Oldaker's application for wage-loss compensation. *See* 1996–1997 Ohio Monthly Record 1990, effective May 15, 1997.

position. Former Ohio Adm.Code 4125–1–01(A)(8), 1996–1997 Ohio Monthly Record at 1990. "A good faith effort necessitates the claimant's consistent, sincere, and best attempts to obtain suitable employment that will eliminate the wage loss." Former Ohio Adm.Code 4125–1–01(D)(1)(c).

{¶ 11} When a claimant's subsequent job is lower paying than the former position, it is subject to scrutiny to ensure that the actual wage loss is caused by allowed conditions of the claim and not simply a lifestyle choice. *State ex rel. Jones v. Kaiser Found. Hosp. Cleveland,* 84 Ohio St.3d 405, 406–407, 704 N.E.2d 570 (1999). Under these circumstances, we use a broad-based analysis that looks beyond mere wage loss when deciding whether the worker's failure to search for another job should be excused. *State ex rel. Timken Co. v. Kovach,* 99 Ohio St.3d 21, 2003-Ohio-2450, 788 N.E.2d 1037, ¶ 24–25.

{¶ 12} Oldaker contends that his Crosswoods job is comparably paying work despite the obvious disparity in wages. Oldaker relies on the vocational evaluation conducted for his disability retirement, which resulted in a report stating that his earning capacity had been significantly reduced after he left the fire department.

{¶ 13} The commission, as the exclusive evaluator of disability and employability, was not required to rely on this vocational evidence, even if it was uncontradicted. *See State ex rel. Jackson v. Indus. Comm.,* 79 Ohio St.3d 266, 270–271, 680 N.E.2d 1233 (1997). Furthermore, the vocational-evaluation report does not fully support Oldaker's position, given that it included the statement that Oldaker had "expressed no interest in beginning a new career at this time and plans on working on a part time basis only if he has too [sic]."

{¶ 14} Oldaker also maintains that he was not required to continue his job search because his new job was full-time with the potential for future growth. *See State ex rel. Brinkman v. Indus. Comm.,* 87 Ohio St.3d 171, 174, 718 N.E.2d 897 (1999) (claimant's failure to continue his job search was excused after he obtained lucrative part-time work with a realistic possibility that it would become full-time). The commission concluded that unlike the situation in *Brinkman,* there was no evidence that Oldaker reasonably expected his new job to soon develop into comparably paying work and he therefore remained obligated to continue his job search.

{¶ 15} The evidence demonstrates that Oldaker failed to make "consistent, sincere, and best attempts to obtain suitable employment that will eliminate the wage loss" as required by former Ohio Adm.Code 4125–1–01(D)(1)(c). He accepted a low-paying, entry-level job in the family business after a relatively brief search for other work. As related in the staff hearing officer's order, Oldaker told the hearing officer that he had not searched for work since his date of hire, stating, " 'Why would I? I have a job.' "

{¶ 16} We agree with the court of appeals that the commission did not abuse its discretion in denying Oldaker's request for wage-loss compensation. Consequently, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Law Office of Thomas Tootle Co., L.P.A., and Thomas Tootle, for appellant.

Michael DeWine, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellee Industrial Commission.

Richard C. Pfeiffer Jr., Columbus City Attorney, and Wendy S. Kane, Assistant City Attorney, for appellee city of Columbus.