THE STATE EX REL. THE ANDERSONS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. The Andersons v. Indus. Comm.* (1992), 64 Ohio St.3d 539.]

(No. 91–120—Submitted May 12, 1992—Decided September 2, 1992.)

540

*Marshall & Melhorn* and *Michael S. Scalzo,* for appellant.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *Teresa Oglesby McIntyre,* for appellee Industrial Commission.

*Gallon, Kalniz & Iorio Co., L.P.A.,* and *Theodore A. Bowman,* for appellee claimant.

*Per Curiam.* Appellant challenges both the commission's award of wage loss compensation and the commission's computation of claimant's AWW. Our review reveals that the commission's order was based in part on an abuse of discretion and, accordingly, the judgment below is affirmed in part and reversed in part.

Effective August 22, 1986, R.C. 4123.56(B) states:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

Supplementing the statute, Ohio Adm.Code 4121–3–32(D) provides:

"In injury claims in which the date of injury, or in occupational disease claims in which the date of disability, is on or after August 22, 1986, the payment of compensation or wage loss pursuant to division (B) of Section 4123.56 of the Revised Code shall commence upon application with the finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

The commission's award was premised on subsection (3) and the commission's determinations: (1) that claimant received no wages from April 10, 1987 through November 3, 1988, and (2) that his lack of wages stemmed from his inability to work at The Andersons or secure other employment because of his allowed conditions. Appellant responds: (1) that the layoff is evidence that there was no causal relationship between injury and wage loss, and (2) that there is no contrary evidence of the requisite causal relationship. We disagree.

We find initially that the commission abused its discretion in awarding wage loss compensation from January 1, 1988 through April 15, 1988. The commission apparently found that claimant did not work between April 10, 1987 and November 3, 1988. However, sworn wage statements substantiated total or partial loss of wages only from April 10, 1987 through December 31, 1987 and

April 16, 1988 forward.  There is no evidence of any wage loss from January 1, 1988 through April 15, 1988.  Claimant admits in his brief that he worked for Johnston's Fruit Farm from January 1, 1988 through April 15, 1988.

Appellant asserts that claimant's layoff shows that any wage loss was not caused by the allowed conditions.  Prior decisions have not addressed a layoff's effect on R.C. 4123.56(B) wage loss benefits.  We have, however, discussed the issue with respect to the companion provision for temporary total disability compensation, now at R.C. 4123.56(A).  *State ex rel. B.O.C. Group v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 569 N.E.2d 496.

Like R.C. 4123.56(B) benefits, temporary total disability compensation replaces lost wages.  *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 517 N.E.2d 533.  Similarly, the temporarily and totally disabled claimant must always causally relate the claimed disability to the industrial injury.  The requisite causal connection in temporary total disability cases, can, under certain circumstances, be broken when an employment relationship ends.  Voluntary departure, for example, severs the causation chain.  "Involuntary" departure does not.  *Ashcraft; State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678.

An injury-induced departure is always considered involuntary.  *Rockwell.*  The character of other departures, however, can depend on many factors.  Layoff is often considered involuntary since it is initiated by the employer, not the employee.  *State ex rel. B.O.C. Group, supra.*  In this case, claimant's departure was initiated by the employer, without evidence of any intent on claimant's part to abandon employment.  Appellant nonetheless in effect urges us to find that the departure was voluntary, since claimant accepted employment knowing that he would be released at season's end.  Appellant's position, however, conflicts with our policy of encouraging gainful employment.  See, *e.g., State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 551 N.E.2d 1265, and *State ex rel. Diversitech Gen. Plastic Film Div. v. Indus. Comm.* (1989), 45 Ohio St.3d 381, 544 N.E.2d 677.  Its argument ignores the possibility that claimant took the temporary position with The Andersons because it was the only job he could find.  For this reason, we reject appellant's argument and find that claimant's layoff does not bar wage loss compensation in this instance.

We must next determine whether "some evidence" supports a causal relationship between claimant's allowed conditions and his lack of wages.  We find that "some evidence" exists.  Dr. Schneider's reports establish that claimant's allowed condition would have prevented him from resuming his former position of employment.  Claimant's Ohio Bureau of Employment Services card indicates that he was looking for work, presumably consistent

with Dr. Schneider's restrictions. Claimant's sworn wage statements, however, indicate that his efforts were unsuccessful. Taken together, these documents are "some evidence" supporting claimant's alleged wage loss due to the allowed conditions. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

Turning to claimant's AWW, the commission, as a general rule, computes AWW by dividing claimant's total wages for the year preceding the date of injury by fifty-two weeks. R.C. 4123.61. The statute, however, also provides in part:

"In ascertaining the average weekly wage for the year previous to the injury, or the date the disability due to the occupational disease begins any period of unemployment due to sickness, industrial depression, strike, lockout, or other causes beyond the employee's control shall be eliminated."

In the case at bar, the commission calculated claimant's AWW at $237.37 by excluding periods of unemployment. The appellant claims that because claimant voluntarily accepted seasonal work, layoff periods were not beyond his control and, therefore, should not have been excluded. For the reasons stated previously, this argument is rejected.

Appellant also alleges that the AWW creates a windfall for claimant since it exceeds any weekly wage received by claimant when he was working. This, too, fails. Wage loss compensation is paid at sixty-six and two-thirds percent of the AWW. Two-thirds of claimant's AWW, as set by the commission, is $158.24. Claimant's weekly wage with appellant, based on a forty-hour week, was $260.40. Claimant's AWW thus does not provide a windfall for the claimant.

Appellant's claim that the commission did not adequately explain its calculation also lacks merit. The commission's order specifically indicated that it omitted weeks of unemployment in arriving at its figure. Contrary to appellant's representation, this explanation satisfies *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721.

We reverse that portion of the appellate court's judgment sustaining the commission's wage loss award from January 1, 1988 through April 15, 1988. We order the commission to recalculate the award in accordance with this decision. The balance of the judgment is affirmed.

*Judgment reversed in part,*
*affirmed in part*
*and writ allowed in part.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.