THE STATE EX REL. CHORA, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Chora v. Indus. Comm.* (1996), 74 Ohio St.3d 238.]

(No. 94–696—Submitted September 26, 1995—Decided January 10, 1996.)

*Ben Sheerer Co., L.P.A.,* and *Paula Goodwin,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Melanie Cornelius,* Assistant Attorney General, for appellee Industrial Commission.

*Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin* and *William Melvin,* for appellee General Fabrication Corporation.

---

*Per Curiam.* R.C. 4123.56(B) reads:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

Ohio Adm.Code 4121–3–32(D) also states:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation or wage loss pursuant to division (B) of section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

This controversy centers on claimant's full medical release to return to his former position of employment. Claimant argues that an inability to return to his previous job is not a prerequisite to wage-loss compensation, and with this we

agree. Ohio Adm.Code 4121–3–32(D)(2) permits wage-loss compensation, under certain circumstances, to claimants who have resumed their former employment. What is, however, a prerequisite to wage-loss payment is a medical inability to secure comparably paying work. *State ex rel. The Andersons v. Indus. Comm.* (1992), 64 Ohio St.3d 539, 597 N.E.2d 143.

Claimant's former position of employment is obviously "comparably paying work." A full release to return negates any assertion that claimant's inability to earn at his preinjury rate is medically precipitated. While it is true that claimant's layoff prevents his actual return, the involuntary nature of that employment separation is irrelevant, since claimant is medically capable of performing his former work. To hold otherwise is tantamount to permitting wage-loss compensation for the mere fact of a layoff.

Claimant criticizes the commission's failure to inquire into his efforts to find other work. This objection is baseless. Once the commission found that the injury did not impede claimant's ability to return to his former job, further analysis was unnecessary.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.