[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 238.]

THE STATE EX REL. CHORA, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Chora v. Indus. Comm.*, 1996-Ohio-318.]

*Workers' compensation—Wage-loss compensation—Prerequisite to wage-loss payment is a medical inability to secure comparably paying work—Full medical release to return to former position of employment negates any assertion that claimant's inability to earn at his preinjury rate is medically precipitated.*

(No. 94-696—Submitted September 26, 1995—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD04-500.

————————————

{¶ 1} Appellant-claimant, Joseph Chora, lacerated his left wrist on August 28, 1989 while in the course of and arising from his employment with appellee General Fabrication Corporation. On October 16, 1989, Dr. N. R. Marfori, the attending physician, released claimant to return to his former position of employment without restriction on October 23, 1989. Claimant immediately changed doctors to Dr. Reynaldo R. Romero. Claimant was subsequently laid off, according to the employer, for lack of work.

{¶ 2} On September 13, 1991, claimant moved appellee Industrial Commission of Ohio for wage-loss compensation. Claimant alleged that he had no income and had "been looking for work since General Fabricatio[n] Corporation laid me off[,] but I have been unable to find any work."

{¶ 3} On April 9, 1990, a district hearing officer denied wage-loss compensation, writing:

"Dr. Marfori released the claimant to return to work on 10/23/89. There is no medical evidence on file which indicates that any work restrictions were placed

on the claimant by the doctor. As such[,] no medical restrictions have been placed on the claimant's ability to work. District Hearing Officer is therefore unable to make the determination that claimant is unable to find employment 'consistent with his physical capabilities' under Ohio Revised Code 4123.56. Based on the medical currently on file, no restrictions due to the industrial injury have been placed on the claimant's capabilities to perform work. There is also no proof that the employer refuses to put the claimant back to work due to the allowed conditions.

"Based on the medical reports of Dr. Marfori."

{¶ 4} While his regional board appeal was pending, claimant obtained a report from Dr. Romero that concluded:

"It is very obvious therefore that this patient suffered a very traumatic injury of the left ulnar nerve with limitation of the use of the left hand. I feel that this patient is 50% disabled. He would not be able to perform work that specifically requires use of both hands."

{¶ 5} The board affirmed the order, as did staff hearing officers, who added that:

"The claimant received a full release to return to his former work without restrictions in October of 1989, by his attending physician, Dr. Marfori."

{¶ 6} Reconsideration was denied.

{¶ 7} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying wage-loss compensation. Finding the order supported by "some evidence," the appellate court denied the writ.

{¶ 8} This cause is now before this court upon an appeal as of right.

_____

*Ben Sheerer Co., L.P.A.*, and *Paula Goodwin*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee Industrial Commission.

*Ward*, *Kaps*, *Bainbridge*, *Maurer*, *Bloomfield & Melvin* and *William Melvin*, for appellee General Fabrication Corporation.

_____

***Per Curiam.***

**{¶ 9}** R.C. 4123.56(B) reads:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

**{¶ 10}** Ohio Adm. Code 4121-3-32(D) also states:

"In injury claims in which the date of injury *** is on or after August 22, 1986, the payment of compensation or wage loss pursuant to division (B) of section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

**{¶ 11}** This controversy centers on claimant's full medical release to return to his former position of employment. Claimant argues that an inability to return to his previous job is not a prerequisite to wage-loss compensation, and with this we agree. Ohio Adm. Code 4121-3-32(D)(2) permits wage-loss compensation, under certain circumstances, to claimants who have resumed their former

employment. What is, however, a prerequisite to wage-loss payment is a medical inability to secure comparably paying work. *State ex rel. The Andersons v. Indus. Comm.* (1992), 64 Ohio St. 3d 539, 597 N.E. 2d 143.

{¶ 12} Claimant's former position of employment is obviously "comparably paying work." A full release to return negates any assertion that claimant's inability to earn at his preinjury rate is medically precipitated. While it is true that claimant's layoff prevents his actual return, the involuntary nature of that employment separation is irrelevant, since claimant is medically capable of performing his former work. To hold otherwise is tantamount to permitting wage-loss compensation for the mere fact of a layoff.

{¶ 13} Claimant criticizes the commission's failure to inquire into his efforts to find other work. This objection is baseless. Once the commission found that the injury did not impede claimant's ability to return to his former job, further analysis was unnecessary.

{¶ 14} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

_____