THE STATE EX REL. PICKETT, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES; SCOTT LABORATORIES, APPELLANT.

[Cite as *State ex rel. Pickett v. Indus. Comm.*
(1996), 74 Ohio St.3d 679.]

(No. 94–874—Submitted January 9, 1996—Decided March 1, 1996.)

*Rademaker, Matty, McClelland & Greve, Robert C. McClelland* and *Kirk R. Henrikson,* for appellant.

*Per Curiam.* We are asked to evaluate the February 20, 1991 order for *Noll* compliance. For the reasons to follow, we find that *Noll* has been met.

The commission explicitly stated why wage loss compensation was denied—claimant could return to her former job. This conclusion alone, supported by "some evidence," can sustain a denial of wage loss compensation. *State ex rel. Chora v. Indus. Comm.* (1996), 74 Ohio St.3d 238, 658 N.E.2d 276. Full medical release implies an ability to return at a preinjury capacity. This in turn implies a return to the preinjury rate of pay. Thus, a full medical release equates to an ability to earn at the preinjury level. Consequently, one who can return but who does not cannot attribute diminished earnings to injury.

In this case, the October 30, 1989 staff hearing officer's finding that the claimant could return to her former position of employment constituted "some evidence." We, of course, recognize the limited effect a prior determination on extent of disability has. See *State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 569 N.E.2d 496. We, however, find no new and changed circumstance that would detract from the validity of the earlier finding. We disagree with the suggestion that Dr. Stewart's January 10, 1990 and August 14, 1990 reports—which postdated the October 30, 1989 order—showed a change in claimant's condition by declaring claimant unable to return to her former job. These reports were almost identical to five earlier C84 supplemental physician reports. The January 1990 and August 1990 reports contain the same diagnosis and complaints as the earlier documents. Most importantly, all of

these reports were premised on a disability continuous since the original injury. This demonstrates that Stewart was not reporting that the claimant was experiencing a new period of disability subsequent to the staff hearing officer's determination that she could work.

We also disagree with the conclusion that the commission's order is deficient for failing to adequately explain how it determined that no new and changed circumstances existed. It is not the commission's responsibility to disprove new and changed circumstances. It was the claimant's burden to prove new and changed circumstances, and the commission found that she did not. No more is required.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.