[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 679.]

THE STATE EX REL. PICKETT, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO
ET AL., APPELLEES; SCOTT INDUSTRIES, APPELLANT.

[Cite as *State ex rel. Pickett v. Indus. Comm.*, 1996-Ohio-322.]

*Workers' compensation—Industrial Commission's denial of wage loss compensation not an abuse of discretion, when.*

(No. 94-874—Submitted January 9, 1996—Decided March 1, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-1710.

_____

{¶ 1} Appellee-claimant, Katharine A. Pickett, was injured on February 13 and on April 20, 1987, while in the course of and arising from her employment with appellant Scott Laboratories. A district hearing officer for appellee Industrial Commission of Ohio initially allowed the claim for "low back." A regional board of review vacated the order, substituting "aggravation of pre-existing bilateral spondylolysis at L5 level with spondylolisthesis of L5 and S1." The board also ordered temporary total disability compensation from May 6, 1987 through March 14, 1988, and to continue upon submission of medical proof. These findings were based on the reports of Dr. Dennison Stewart.

{¶ 2} Staff hearing officers affirmed the board in part, but terminated temporary total disability compensation as of August 3, 1989 based on Dr. I. Vidu's report of the same date. In that report, Dr. Vidu concluded the claimant could return to her former position of employment.

{¶ 3} On September 4, 1990, claimant moved for wage loss compensation pursuant to R.C. 4123.56(B). Wage loss compensation was denied on February 20, 1991:

"This District Hearing Officer denies claimant's request for wage loss since 8/3/89. Found persuasive in making such a determination was the 10/11/89 Staff

Hearing Officer's order which terminated Temporary Total compensation as of 8/3/89 because claimant was able to return to her former job. Specifically, this District Hearing Officer notes that such a determination precludes payment of wage loss. Furthermore, this District Hearing Officer notes that claimant has shown no changed circumstances since the 10/11/89 hearing to consider wage loss since that date."

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying wage loss compensation. That court found a violation of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245, because "the district hearing officer failed completely to set forth any evidence upon which was predicated the determination that there had been no changed circumstances" since the earlier termination of compensation for temporary total disability.

{¶ 5} This cause is now before this court upon an appeal as of right.

—————————————

*Rademaker, Matty, McClelland & Greve*, *Robert C. McClelland* and *Kirk R. Henrikson*, for appellant.

—————————————

*Per Curiam.*

{¶ 6} We are asked to evaluate the February 20, 1991 order for *Noll* compliance. For the reasons to follow, we find that *Noll* has been met.

{¶ 7} The commission explicitly stated why wage loss compensation was denied—claimant could return to her former job. This conclusion alone, supported by "some evidence," can sustain a denial of wage loss compensation. *State ex rel. Chora v. Indus. Comm.* (1996), 74 Ohio St. 3d 238, 658 N.E.2d 276. Full medical release implies an ability to return at a preinjury capacity. This in turn implies a return to the preinjury rate of pay. Thus, a full medical release equates to an ability

to earn at the preinjury level. Consequently, one who can return but who does not cannot attribute diminished earnings to injury.

{¶ 8} In this case, the October 30, 1989 staff hearing officer's finding that the claimant could return to her former position of employment constituted "some evidence." We, of course, recognize the limited effect a prior determination on extent of disability has. See *State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 569 N.E.2d 496. We, however, find no new and changed circumstance that would detract from the validity of the earlier finding. We disagree with the suggestion that Dr. Stewart's January 10, 1990 and August 14, 1990 reports—which postdated the October 30, 1989 order—showed a change in claimant's condition by declaring claimant unable to return to her former job. These reports were almost identical to five earlier C84 supplemental physician reports. The January 1990 and August 1990 reports contain the same diagnosis and complaints as the earlier documents. Most importantly, all of these reports were premised on a disability continuous since the original injury. This demonstrates that Stewart was not reporting that the claimant was experiencing a new period of disability subsequent to the staff hearing officer's determination that she could work.

{¶ 9} We also disagree with the conclusion that the commission's order is deficient for failing to adequately explain how it determined that no new and changed circumstances existed. It is not the commission's responsibility to disprove new and changed circumstances. It was the claimant's burden to prove new and changed circumstances, and the commission found that she did not. No more is required.

{¶ 10} Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.