DECISION
{¶ 1} Relator, Baker Concrete Construction, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order setting the average weekly wage ("AWW") under R.C. 4123.61
and to issue an order setting a lower AWW.
 {¶ 2} The matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision which included findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate concluded that the commission's order does not comply with State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203. In particular, the magistrate determined that the commission did not address the critical issue in the case, i.e., whether claimant-respondent Edward Kinsler's 16-week lack of employment for any employer, not just relator, was beyond his control. The magistrate further concluded that the order fails to comply with Noll because the order does not specifically state what evidence was relied upon to support the finding made regarding claimant's lack of employment. Accordingly, the magistrate has recommended that this court issue a limited writ of mandamus returning the matter to the commission to vacate the staff hearing officer's ("SHO") order and setting the matter for a new SHO hearing, following which the commission shall determine the AWW in accordance with R.C. 4123.61 and all relevant authorities. Claimant has filed objections to the magistrate's decision, and the matter is now before this court for a full, independent review.
 {¶ 3} Claimant's objections to the contrary, this court finds that the magistrate has properly discerned the pertinent facts and applied the relevant law to those facts. Accordingly, this court herby overrules claimant's objections and adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, this court hereby issues a limited writ of mandamus returning the matter to the commission to vacate the SHO's order and setting the matter for a new SHO hearing, following which the commission shall determine the AWW in accordance with R.C.4123.61 and all relevant authorities.
Objections overruled; limited writ granted.
BRYANT and TYACK, JJ., concur.
 IN MANDAMUS {¶ 4} In this original action in mandamus, relator, Baker Concrete Construction, Inc., asks the court to issue a writ compelling respondent Industrial Commission of Ohio ("commission") to vacate its order setting the average weekly wage ("AWW") under R.C. 4123.61 and to issue an order setting a lower AWW.
 {¶ 5} Findings of Fact:
 {¶ 6} 1. In December 1997, Edward Kinsler ("claimant") sustained an industrial injury while employed by Baker Concrete Construction, Inc. ("Baker Concrete"). His AWW was not calculated at that time because his period of temporary total disability compensation was paid at the full weekly wage.
 {¶ 7} 2. In September 2001, claimant filed a motion for determination of his AWW.
 {¶ 8} 3. In February 2002, a district hearing officer ("DHO") heard the motion, setting the AWW at $546.14. The DHO recognized that claimant's work was seasonal, found that claimant planned every winter not to work for 16 weeks during the off-season, planning on unemployment each winter. Accordingly, the DHO, pursuant to the "special circumstances" provision in R.C. 4123.61, added the 12 weeks of unemployment benefits to the 40 weeks of earnings, and divided the total by 52. Under that formula, the AWW was set at $546.14. Claimant appealed.
 {¶ 9} 4. In March 2002, a hearing was held before a staff hearing officer ("SHO"). No further testimony or evidence was taken. The SHO ruled as follows:
 {¶ 10} "The average weekly wage is set at $673.04 ($24,319.58 divided by 36), based on figures suppl[i]ed by counsel for the claimant. This calculation excluded 16 weeks, and the unemployment compensation paid for those weeks, due to circumstances beyond the claimant's control and the nature of the construction business. This calculation is found to provide `substantial justice'."
 {¶ 11} 5. Further appeal was refused.
 {¶ 12} Conclusions of Law:
 {¶ 13} The issue in mandamus is whether the commission abused its discretion in setting the AWW at $673.04. An abuse of discretion is established by demonstrating that the commission did not cite "some evidence" to support its findings and/or that the commission did not provide an adequate explanation of its rationale. E.g., State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203. For the reasons set forth below, the magistrate finds that the commission's order constituted an abuse of discretion.
 {¶ 14} The calculation of the AWW is governed by R.C. 4123.61, which states in part:
 {¶ 15} "[T]he claimant's * * * average weekly wage for the year preceding the injury * * * is the weekly wage upon which compensation shall be based. In ascertaining the average weekly wage for the year previous to the injury, * * * any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated.
 {¶ 16} "In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the administrator of workers' compensation, in determining the average weekly wage in such cases, shall use such method as will enable him to do substantial justice to the claimants."
 {¶ 17} Under the standard formula, the commission totals the earnings during the year before injury and divides the total by 52 to obtain the AWW. This formula is used unless there is unemployment beyond the control of the worker, or unless there are special circumstances. State ex rel. Cawthorn v. Indus. Comm. (1997), 78 Ohio St.3d 112, 114; State ex rel. Wireman v. Indus. Comm. (1990), 49 Ohio St.3d 286.
 {¶ 18} For example, in Wireman, the court held that a regular workweek of less than 40 hours may be a special circumstance that would require a non-standard formula. Part-time employment is not always a special circumstance, however. Id. Logic dictates that a person who regularly and voluntarily limits his employment should have an AWW that reflects that choice. State ex rel. Johnson v. Indus. Comm. (May 2, 1996), Franklin App. No. 95AP-524.
 {¶ 19} Similarly, the commission may exclude seasonal unemployment as "beyond the employee's control" when it finds that the employee accepted seasonal work because it was the only work available. See, e.g., State ex rel. The Andersons v. Indus. Comm. (1992),64 Ohio St.3d 539. However, when an employee regularly is laid off for four months every year — one third of the year — and routinely does not obtain any work during that period, the commission may find that this regular period of unemployment is voluntary where the employee does not present persuasive evidence that he tried to arrange work for the off-season but was unsuccessful. See State ex rel. Ferry v. Carion Asphalt Paving, Inc. (July 13, 1995), Franklin App. No. 94AP-719; State ex rel. Bielawski v. Tippecanoe County Club (Aug. 20, 1998), Franklin App. No. 97AP-713.
 {¶ 20} In the decision at issue, the commission made a finding that Baker Concrete did not have work for claimant for 16 weeks in the winter. Although the SHO did not cite any evidence to support this finding, the DHO indicated that claimant had testified to the fact that he had 16 weeks off work every winter. Thus, the commission was within its discretion to conclude that the lack of work at Baker Concrete was beyond claimant's control.
 {¶ 21} However, the SHO failed to address the crucial question. The relevant issue was not whether the lack of work at Baker Concrete was beyond his control, but whether the lack of any employment for 16 weeks was beyond claimant's control. In other words, being without work at Baker Concrete for 16 weeks does not mean that there was no work for claimant in the entire labor market for 16 weeks every year.
 {¶ 22} In its order, the commission failed to address the central issue — whether claimant's unemployment for four months a year was beyond his control. As recognized in Ferry and Bielawski, a worker may or may not choose to work only eight months a year. On one hand, a worker may want to work a full 12 months but be unable to arrange for alternate employment during the off-season, or the employee may be able to find alternate work for a few weeks but not the entire 16 weeks every winter. On the other hand, a worker may like having winters off and may not seek employment with sufficient diligence for the commission to decide that the unemployment was beyond his control. In other words, a person may work seasonally by choice and have no desire to work during the off-season, or a person may be unable to locate a temporary job during the off-season.
 {¶ 23} This question is for the commission to decide in its role as the finder of fact. A variety of evidence may indicate that unemployment was beyond the workers' control. See The Andersons, supra. For example, where the claimant produces documents showing that he received unemployment benefits for certain weeks, the commission may accept the implicit determination by the unemployment bureau that the claimant was unable to find work for those weeks despite a good-faith search, but the commission is not bound by that implicit determination as a matter of law. In short, evidence of receiving unemployment benefits is "some evidence" on which the commission may rely, but such evidence is not conclusive in that the commission is not required to accept that evidence as determinative of involuntary unemployment as a matter of law. The commission may or may not find it persuasive for purposes of setting the AWW.
 {¶ 24} Further, although the issue is for the commission to decide, the commission has a duty to state its findings on the issue and to cite the evidence on which it relied. Here, the commission was within its discretion to accept that Baker Concrete had no work for claimant for 16 weeks during the year prior to injury, but it failed to address the issue of whether the lack of any employment for 16 weeks for any employer was beyond claimant's control. Because the commission did not address the critical question, the order does not comply with Noll, supra.
 {¶ 25} Moreover, the magistrate notes that the SHO cited no evidence to support the finding on the issue of involuntary unemployment. As to the source of the numbers used in the mathematical calculations, the SHO included a vague reference to "figures" supplied by claimant, but the SHO did not cite evidence supporting the finding that the lack of employment was beyond claimant's control. This omission is also a violation of Noll.
 {¶ 26} Accordingly, the magistrate recommends that the court grant a limited writ, returning this matter to the commission to vacate the SHO order and set the matter for a new SHO hearing, following which the commission shall determine the AWW in compliance with R.C. 4123.61 and the above-cited authorities.