DECISION
{¶ 1} Relator, Ricart Automotive Personnel, Inc., filed an original action seeking a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order that granted wage loss compensation to respondent, Greggory R. Blank ("claimant").
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate of this court. On July 16, 2003, the magistrate rendered a decision, including findings of fact and conclusions of law. In her decision, the magistrate concluded the commission did not abuse its discretion by granting wage loss compensation to claimant. Relator has filed objections to the magistrate's decision, and the matter is now before this court for independent review. See, generally, Civ.R. 53(E)(4)(b). See, also, Knauerv. Keener (2001), 143 Ohio App.3d 789, 793 ("[Former] Civ.R. 53(E)(3)(b) contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed").
 {¶ 3} Following an independent review of the record, this court finds the magistrate erred in her second finding of fact, wherein she stated that "[i]n a June 14, 2002, note, Dr. Vassay indicated that the restrictions on sitting and walking meant that claimant could sit for two hours or stand or walk for one hour at a time during a full work day"; rather, the court finds the record actually states that claimant "can only sit 1 to 2 hours at a time, and stand and sit up to 1 hour at a time during a full work day." Furthermore, this court also finds the magistrate erred in her 12th finding of fact, wherein she stated that "[w]orking wage loss compensation was ordered paid from July 1, 2002 through December 2002 and to continue upon submission of proof of wage loss due to the industrial injury." Rather, the court finds the record actually states the staff hearing officer ("SHO") ordered wage loss compensation to be paid from July 1, 2002, to December 5, 2002, and to continue upon submission of proof of wage loss due to the industrial injury. This court finds no other errors in the magistrate's findings of fact, and it adopts all the magistrate's findings of fact, except to the extent discussed above. The court finds no errors of law in the magistrate's decision.
 {¶ 4} Accordingly, notwithstanding relator's objections, this court adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein, except to the extent discussed above concerning the magistrate's second and twelfth findings of fact. In accordance with the magistrate's recommendation, this court denies relator's request for a writ of mandamus.
Objections overruled; writ denied.
Bowman and Watson, JJ., concur.
 IN MANDAMUS {¶ 5} Relator, Ricart Automotive Personnel, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted wage loss compensation to respondent Greggory R. Blank ("claimant") and order the commission to find that claimant is not entitled to that compensation.
 Findings of Fact {¶ 6} 1. Claimant sustained a work-related injury on January 3, 2001, while moving a transmission. Claimant's claim has been allowed for: "right unilateral inguinal hernia."
 {¶ 7} 2. Claimant's hernia was surgically repaired by Louis E. Vassy, M.D., who then placed physical restrictions on claimant's work activities. Dr. Vassy explained that claimant's hernia was the result of prolonged stress or lifting and that it would continue as a source of discomfort to claimant the more he lifts and strains. In reports from May and November 2002, Dr. Vassy noted the following restrictions on claimant's activities: sitting for two hours and standing and walking for one hour; occasionally bending, squatting, crawling, climbing, and frequently reaching; continuously lifting up to ten pounds; frequently lifting between 11-25 pounds; occasionally lifting up to 50 pounds; never lifting above 50 pounds; continuously carrying up to 25 pounds; occasionally carrying up to 50 pounds; and never carrying over 50 pounds; no restrictions on the use of claimant's hands; and no use of claimant's right foot to move leg controls or a combination of both the right and left feet to move leg controls. In a June 14, 2002 note, Dr. Vassy indicated that the restrictions on sitting and walking meant that claimant could sit for two hours or stand or walk for one hour at a time during a full work day.
 {¶ 8} 3. Relator placed claimant on medical leave under the family and medical leave act. This leave expired on April 24, 2002.
 {¶ 9} 4. While on leave, claimant's job was eliminated due to a reduction in the workforce. Claimant's former service technician position required occasionally lifting of over 50 pounds.
 {¶ 10} 5. According to the affidavit of Barbara Fluhart, assistant director of human services for relator, relator could have accommodated claimant's lifting restriction so that he could have performed his former job had that job still been available.
 {¶ 11} 6. On June 5, 2002, claimant spoke with Michael Printy, director of human resources for relator, about possible job options available to him.
 {¶ 12} 7. Relator provided claimant with a list of current job openings; however, relator did not provide job descriptions for any of the positions. Some of the jobs appeared to be part-time positions, and some paid as little at $8 per hour.
 {¶ 13} 8. Relator never made a written job offer of employment to claimant.
 {¶ 14} 9. During June 2002, claimant searched for comparable employment and, on July 1, 2002, claimant began working as a service administrator with an emphasis on tracking productivity, warranties, and general administrative tasks with Harley-Davidson earning approximately $46,000 per year, plus medical and dental insurance and semi-annual training. The job accommodated claimant's physical restrictions.
 {¶ 15} 10. Claimant filed a motion for non-working wage loss compensation from June 10, 2002 through June 30, 2002, and for working wage loss compensation commencing July 1, 2002.
 {¶ 16} 11. Claimant's motion was heard before a district hearing officer ("DHO") on October 31, 2002, and resulted in an order granting claimant's request as follows:
 {¶ 17} "Based upon substantial job search documentation in file as well as adequate medical proof supportive of valid, claim-related restrictions claimant's wage loss application herein is found to be in full and good faith compliance with the statute (O.R.C. 4123.56(B)) and the Industrial Commission wage loss rules.
 {¶ 18} "Claimant did find, within 60 days, new work making best use of his prior experience and as a result obtained new work that greatly reduced his potential working wage loss in comparison to the `possible' $8.00 per hour jobs `offered' by his former employer.
 {¶ 19} "In light of the above finding non-working wage loss is granted 06/10/2002 through 06/30/2002; and, working wage loss is ordered to be paid with appropriate wage documentation, from July 1, 2002 to October 24, 2002 and, to continue thereafter with updated permanent physical restriction proof from 10/25/2002 and semi-annually thereafter, subject to the relevant statutory maximums.
 {¶ 20} "Employer arguments about the validity of claimant's medical restriction proof and other `possible' jobs with this employer was NOT
found persuasive.
 {¶ 21} "This order is based upon the reports of Dr. Vassy, M.D." (Emphasis sic.)
 {¶ 22} 12. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on December 5, 2002, and resulted in an order affirming the prior DHO order. Non-working wage loss compensation was ordered paid for the closed period of June 10, 2002 through June 30, 2002. Working wage loss compensation was ordered paid from July 1, 2002 through December 2002 and to continue upon submission of proof of wage loss due to the industrial injury. The SHO made the following relevant factual findings:
 {¶ 23} "At the time of the injury, the injured worker was employed and working as a foreman technician earning $70,000.00 a year. The injured worker had surgery and Dr. Vassy, M.D., his treating physician, opined that the injured worker could not return to his former position of employment. On 06/05/2002, the injured worker's counsel contacted his employer indicating that Dr. Vassy released the injured worker to light duty. His attorney requested that the employer notify the injured worker and his office of any light duty positions available. The employer on 06/14/2002 sent the injured worker a letter listing the positions, but without any descriptions of the position. The employer never offer[ed] the injured worker a job. Ms. Berry testified that the positions were basically low wage positions [at] $8.00 an hour and several were part-time positions.
 {¶ 24} "The employer did not respond to the injured worker's counsel's request concerning the descriptions or an offer. While this issue was going back and forth between the employer and injured worker's counsel, the injured worker continued to look for employment within his restrictions.
 {¶ 25} "He found employment with Harley Davision [sic] (Administrative) earning $50,000.00 a year. He started on 07/01/2002.
 {¶ 26} "It is the finding of the Staff Hearing Officer that pursuant to wage loss statute and rule that the injured worker has demonstrated that he sustained a wage loss as a result of his industrial injury. It is also the finding of the Staff Hearing Officer that pursuant to O.R.C. 4123.56 and rule that the injured worker has demonstrated a good faith attempt to find suitable employment within his restrictions as set forth by Dr. Vassy, M.D. While his counsel and employer discussed the issue of job descriptions, the injured worker continued to seek comparable paying positions within his skill and trade. Within a month he found a position that paid $50,000.00 a year.
 {¶ 27} "The employer's counsel argued that the injured worker is not entitled to wage loss because the injured worker did not accept employment with the employer. The Staff Hearing Officer rejects this argument. The employer did not have a light duty position available, when asked on June 5, 2002. The employer notes several positions that were available — part-time — and lower paying position — but failed to provide a job description whereby the injured worker and his doctor could determine whether the positions were within his restrictions. For the record, even if the injured worker had accepted the position, he would have been required to continue to look for employment because the positions were not compensable or suitable to the position previously held. He earned $70,000.00 as opposed to $12,000.00 or less if he took the position. The rule states suitable/comparable employment.
 {¶ 28} "The employer's counsel argued that injured worker is not entitled to wage loss because he is working outside his restrictions. She indicated he could only work part-time. The record indicates his doctor stated full-time employment with restrictions. (See 06/14/2002 letter).
 {¶ 29} "The employer's counsel argued that Dr. Vassy's report is not credible and she questions the veracity of his office note concerning the restrictions. The Staff Hearing Officer rejects this argument. The employer's counsel is just speculating without any proof." (Emphasis sic.)
 {¶ 30} 13. Relator's appeal was refused by order of the commission dated January 17, 2003.
 {¶ 31} 14. Thereafter, relator filed the instant mandamus action in this court.
 Conclusions of Law {¶ 32} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 33} Entitlement to wage loss compensation is governed by R.C. 4123.56(B), which provides in pertinent part as follows:
 {¶ 34} "Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than the employee's former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, the employee shall receive compensation at sixty-six and two-thirds per cent of the employee's weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."
 {¶ 35} In order to receive workers' compensation, a claimant must show not only that a work-related injury arose out of and in the course of employment, but, also, that a direct and proximate causal relationship exists between the injury and the harm or disability. State ex rel.Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452. This principle is equally applicable to claims for wage loss compensation. State ex rel.The Andersons v. Indus. Comm. (1992), 64 Ohio St.3d 539. As noted by the court in State ex rel. Watts v. Schottenstein Stores Corp. (1993),68 Ohio St.3d 118, a wage loss claim has two components: a reduction in wages and a causal relationship between the allowed condition and the wage loss.
 {¶ 36} Pursuant to Ohio Adm. Code 4125-1-01(C), the claimant is required to submit a medical report with his application for wage loss compensation. That report is required to contain a list of all restrictions, an opinion on whether the restrictions are permanent or temporary, the date of the last medical examination, the date of the report, the name of the physician who authored the report, and the physician's signature. Furthermore, a claimant is required to describe their search for suitable employment which is comparably paying work. It is undisputed that the claimant is solely responsible for and bears the burden of producing evidence regarding entitlement to their wage loss compensation.
 {¶ 37} Relator has nine arguments in support of its contention that the commission abused its discretion in granting claimant wage loss compensation. Five of those arguments address relator's perceived inadequacies with the medical evidence submitted by claimant in support of his application for wage loss compensation. The remaining four arguments focus on the commission's failure to take into account the fact that relator had made an offer of suitable employment to claimant. For the reasons that follow, this magistrate finds that relator's arguments are not well-taken.
 {¶ 38} Turning to the medical evidence in this case, the record contains several medical reports from Dr. Vassy, as well as his office notes. In two separate medical reports, one dated May 31, 2002 and the other dated November 5, 2002, Dr. Vassy set out the physical restrictions as were above-detailed in the findings of fact. Dr. Vassy noted that the restrictions were permanent in nature. When Dr. Vassy was asked to clarify his sit, stand and walk restrictions, he had a short statement typed up and dated June 14, 2002. Contrary to relator's assertions, these reports meet the requirements of the Ohio Administrative Code and the commission did not abuse its discretion in relying on those reports. Relator contends that Dr. Vassy never indicated that the restrictions were causally related to the allowed conditions in claimant's claim. However, by letter dated January 16, 2001, Dr. Vassy explained that the hernia which claimant has differs from the congenial hernia which claimant had surgically repaired 31 years earlier. The current hernia, which is the allowed condition in this claim, was caused by prolonged stress or lifting and that it would continue to provide discomfort the more claimant lifts and strains. Again, the medical evidence submitted by claimant is sufficient to show that the restrictions are permanent in nature, that claimant could not perform his former position of employment with those restrictions, and that they are a direct result of the allowed conditions in the claim. As such, these five arguments of relator are not well-taken.
 {¶ 39} Relator also contends that the commission abused its discretion in awarding wage loss compensation where the employer had open positions with claimant's lifting restrictions and where relator would have been willing to allow claimant to return to his job, if that job existed, with accommodations. For the reasons that follow, this magistrate finds that this argument is also not well taken.
 {¶ 40} It is undisputed that part of the burden that claimant bears is demonstrating that he sought suitable employment which is comparably paying work. Pursuant to Ohio Adm. Code 4125-1-01(D), the claimant is required to first seek suitable employment with the employer of record at the onset of the first period for which wage loss compensation is requested. In determining whether or not the claimant is entitled to wage loss com-pensation, the commission is to consider whether or not the claimant failed to accept a good-faith offer of suitable employment. Specifically, offers of employment made by the employer are not to be given consideration by the adjudicator unless those offers of employment are made in writing and contain a reasonable description of the job duties, hours, and rate of pay. Upon review of the record, this magistrate finds that relator did provide claimant with a list of certain jobs that were available. However, relator did not give job descriptions for any of those jobs, nor did relator provide hours or rates of pay. In fact, the record is devoid of any evidence of a good-faith job offer made to this claimant from relator as the commission determined in its order. As such, this argument of relator fails as well.
 {¶ 41} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in granting wage loss compensation to claimant and this court should deny relator's request for a writ of mandamus.