DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Giant Eagle, Inc., has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order granting wage loss compensation to respondent-claimant Jack Mavrikis and to issue a new order denying said compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. The magistrate concluded in her decision (attached as Appendix A) that relator failed to demonstrate that the commission had abused its discretion and that this court should deny the requested writ.
 {¶ 3} Relator filed objections to the decision of the magistrate arguing that the commission had abused its discretion in finding that claimant had made a good-faith job search and that the staff hearing officer had failed to address claimant's compliance with all of the other requirements set forth in Ohio Adm. Code 4125-1-01.
 {¶ 4} Relator's first objection is essentially a reargument of the issue more than adequately addressed by the magistrate in her decision. While relator's position and zealous advocacy of that position are not without merit, we agree with the magistrate that the commission's responsibility is to determine the credibility and weight to be given to the evidence presented to it. We decline relator's urging to usurp that authority to substitute our evaluation of the evidence for that performed by the commission.
 {¶ 5} Finally we find relator's second objection to not be well-founded either. The technical compliance with Ohio Adm. Code4125-1-01 argued by relator as a basis for defeating the application is unpersuasive. Notably, relator did not cite to a single decision in which such technical non-compliance was upheld as the basis for compelling the commission to deny an application. For these reasons, the objections are overruled.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. We, therefore, adopt her decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with that decision, the requested writ is denied.
Objections overruled; writ of mandamus denied.
Brown, P.J., and French, J., concur.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
The State of Ohio ex rel. : Giant Eagle, Inc., : Relator : v. : No. 04AP-474 :
The Industrial Commission of Ohio : (REGULAR CALENDAR) and Jack Mavrikis, : Respondents. :
 MAGISTRATE'S DECISION Rendered on December 7, 2004 Rademaker, Matty, McClelland Greve, Robert C. McClelland
and Michael J. Roche, for relator.
Jim Petro, Attorney General, and Joseph C. Mastrangelo, for respondent Industrial Commission of Ohio.
Green Haines Sgambati Co., L.P.A., Ronald E. Slipski andShawn D. Scharf, for respondent Jack Mavrikis.
IN MANDAMUS.
 {¶ 7} Relator, Giant Eagle Incorporated, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted wage loss compensation to respondent Jack Mavrikis ("claimant") and ordering the commission to find that claimant is not entitled to nonworking wage loss compensation.
Findings of Fact:
 {¶ 8} 1. Claimant sustained a work-related injury on March 4, 2002, and his claim has been allowed for: "T11, T12 compression fractures; cervical sprain/strain; thoracic sprain/strain; lumbosacral sprain/strain."
 {¶ 9} 2. It is undisputed that claimant's medical restrictions preclude him from being able to return to work.
 {¶ 10} 3. Claimant received temporary total disability ("TTD") compensation from March 8 through May 30, 2002.
 {¶ 11} 4. On June 25, 2003, claimant filed a motion seeking nonworking wage loss compensation for the period of May 27 through June 6, 2003 and to continue. Thereafter, claimant submitted additional job search forms covering the periods including May 27 through July 19, 2003.
 {¶ 12} 5. Claimant's motion was heard before a district hearing officer ("DHO") on September 15, 2003, and resulted in an order granting the requested period of wage loss compensation.
 {¶ 13} 6. No appeal was filed from this order.
 {¶ 14} 7. In November 2003, claimant filed his second motion for nonworking wage loss compensation seeking benefits beginning September 13, 2003.
 {¶ 15} 8. Claimant's job search forms indicate that, during the period of September 14, 2003 through January 31, 2004, claimant provided approximately 390 entries indicating his various job searches. Claimant's job searches included internet searches, want ads, classifieds, job postings on bulletin boards, trips to local libraries, and telephone calls.
 {¶ 16} 9. Claimant's application was heard before a DHO on January 26, 2004, and was denied for the following reasons:
The District Hearing Officer orders NON-WORKING WAGE LOSS FROM 9/14/2003 [sic] THROUGH 11/01/2002 DENIED.
The District Hearing Officer finds the proof on file does not establish by a preponderance of the evidence that the Injured Worker is entitled to the requested non-working wage loss benefits as set forth in Ohio Administrative Code Section4125-1-01.
The District Hearing Officer finds the quality of the searches submitted in support of the period denied herein do not rise to the level of a good faith effort of a job search as required in Ohio Administrative Code 4125-1(D)(1)(c).
The District Hearing Officer finds the Injured Worker did not undertake a good faith job search for the period denied herein. The District Hearing [O]fficer finds there is too much reliance on time spent on the internet and home computer searches for job contacts required under the above Ohio Administrative Code provision referred to.
(Emphasis sic.)
 {¶ 17} 10. Claimant appealed and the matter was heard before a staff hearing officer ("SHO") on February 27, 2004. The SHO vacated the prior DHO order and granted wage loss compensation as follows:
The order of the District Hearing Officer, from the hearing dated 01/26/2004, is vacated.
Therefore, the Injured Worker's request for Non-Working Wage Loss Compensation, filed 11/13/2003, is granted to the extent of this order.
The Staff Hearing Officer finds that the claimant is unable to return to work at his former position of employment. Claimant's former position of employment was "Produce Clerk." The Staff Hearing Officer further fnds [sic] that, as a result of the allowed conditions in the instant claim, the claimant has suffered a wage loss.
Therefore, it is ordered that Wage Loss Compensation under Ohio Revised Code 4123.56(B) is awarded.
Wage Loss Compensation is ordered paid at the rate oftwo-thirds of wage loss (up to statutory maximum) computed asfollows: Average Weekly Wage = $405.63 (1) No earnings.
Wage Loss Compensation is gratned [sic] from 09/14/2003 to 01/31/2004, inclusive, and to continue upon submission of proof of wage loss, but in no event to exceed the statutory maximum of 200 weeks.
The Staff Hearing Officer, in making this finding, has relied upon the following evidence:
[One] Dr. Pagano's, M.D., claimant's physician, C-141 reports in file and 12/23/2003 report.
[Two] Claimant's testimony regarding his job search records indicating extensive efforts by injured worker to seek out employment, following up with his contacts, both positive and negative (hiring not hiring), and demonstrating that while the majority of his contacts are not in person, that he still is making a food faith effort to find employment and that this effort exceeds forty hours a week.
Unpon [sic] review and analysis of these reports, and taking the allowed conditions into consideration, this finding was made.
(Emphasis sic.)
 {¶ 18} 11. Relator's appeal was refused by order of the commission mailed March 25, 2004.
 {¶ 19} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 20} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. For the reasons that follow, this magistrate concludes that relator is not entitled to a writ of mandamus.
 {¶ 21} A clear legal right to a writ of mandamus exists where relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact-finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165. It is immaterial whether other evidence, even if greater in quality and/or quantity, support the decision contrary to the commission. State ex rel. Pass v. C.S.T. Extraction Co.
(1996), 74 Ohio St.3d 373.
 {¶ 22} Entitlement to wage loss compensation is governed by R.C. 4123.56(B), which provides as follows:
Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than the employee's former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, the employee shall receive compensation at sixty-six and two-thirds per cent of the employee's weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks.
 {¶ 23} In order to receive workers' compensation benefits, a claimant must show not only that a work-related injury arose out of and in the course of employment, but, also, that a direct and proximate causal relationship exists between the injury and the harm or disability. State ex rel. Waddle v. Indus. Comm.
(1993), 67 Ohio St.3d 452. This principle is equally applicable to claims for wage loss compensation. State ex rel. TheAndersons v. Indus. Comm. (1992), 64 Ohio St.3d 539. As noted by the court in State ex rel. Watts v. Schottenstein Stores Corp.
(1993), 68 Ohio St.3d 118, a wage loss claim has two components: a reduction in wages and a causal relationship between the allowed condition and the wage loss.
 {¶ 24} In this mandamus action, relator contends that the commission abused its discretion by finding that claimant made a good-faith effort to search for suitable employment which is comparably paying work. Specifically, relator believes that the quality of claimant's job search was not adequate.
 {¶ 25} The purpose of wage loss compensation is to encourage workers to return to gainful employment. State ex rel. Consol.Freightways v. Engerer (1996), 74 Ohio St.3d 241. It is well-settled that a prerequisite award of wage loss compensation is proof that the claimant made a good-faith effort to secure comparably paying work, but was unable to do so due to the allowed conditions. State ex rel. Chora v. Indus. Comm. (1996),74 Ohio St.3d 238.
 {¶ 26} Ohio Adm. Code 4125-1-01(D) provides that the claimant is solely responsible for and bears the burden of producing evidence regarding their entitlement to wage loss compensation. Ohio Adm. Code 4125-1-01(D)(1)(c) states:
A good faith effort to search for suitable employment which is comparably paying work is required of those seeking nonworking wage loss and of those seeking working-wage loss who have not returned to suitable employment which is comparably paying work[.] * * *
 {¶ 27} The rule further provides that:
* * * A good faith effort necessitates the claimant's consistent, sincere, and best attempts to obtain suitable employment that will eliminate the wage loss. * * *
 {¶ 28} Ohio Adm. Code 4125-1-01(D) includes relevant factors for determining whether a claimant has made a good-faith effort to secure suitable employment which is comparably paying work to eliminate the wage loss. For example, there are 13 factors which, if relevant, are to be considered in deciding whether a claimant has made a good-faith effort to search for suitable employment, including the following: (1) claimant's skills, prior employment history and educational background; (2) the number, quality, and regularity of contacts made by claimant with perspective employers, public and private employment services; (3) the amount of time devoted to making perspective employment contacts during the requested period of compensation as compared with the amount of time spent working in the former employment (when nonworking wage loss is sought); (4) the amount of time devoted to making job contacts during the requested period of compensation as well as the number of hours spent working (when working wage loss is sought); (5) any refusal by the claimant to accept assistance from the Ohio Bureau of Workers' Compensation to find employment; (6) any refusal by the claimant to accept the assistance of any public or private agency; (7) labor market conditions including, but not limited to, the numbers and types of employers located in the geographical area surrounding the claimant's place of residence; (8) the claimant's physical capabilities; (9) any recent activity on the part of the claimant to change his place of residence and the impact such a change, if made, would have on the reasonable probability of success in the search for employment; (10) the claimant's economic status as it impacts on his ability to search for employment; (11) any part-time employment engaged in by the claimant and whether that employment constitutes a voluntary limitation on the claimant's present earnings; (12) whether the claimant restricts his search for employment that would require him to work fewer hours per week then he worked in the former position of employment; and (13) whether, as a result of restrictions arising from the allowed conditions, the claimant is enrolled in a rehabilitation program.
 {¶ 29} In the present case, without going into great detail, the DHO concluded that claimant did not engage in a good-faith effort to secure suitable employment which was comparably paying work because, in the opinion of the DHO, claimant relied too much on time spent on the internet and home computer searches for job contacts. Upon appeal, and without much greater elucidation, the SHO determined that claimant's job search was adequate and that claimant had met his burden of proof. The SHO relied upon the fact that claimant was not able to return to his former position of employment, pursuant to the restrictions placed on him by Dr. Pagano, as well as claimant's own testimony regarding his job search records. The SHO concluded, based upon a review of his job search and testimony, that claimant made extensive efforts to seek out employment, to follow-up with his contacts, both positive and negative, and that he demonstrated that, while the majority of his contacts were not in person, he was still making a good-faith effort to find employment and that effort exceeded 40 hours per week.
 {¶ 30} Essentially, relator is asking this court to reweigh the evidence and to find that the DHO's findings are the correct findings. While relator is correct that quality of contacts is as important as the quantity of contacts, based upon a review of this record, and considering that credibility and the weight to be given evidence are for the commission to determine, this magistrate finds that there is some evidence in the record, upon which the commission relied and which the commission cited in its order, supporting the commission's decision. As such, this court should not disturb the commission's determination that claimant had engaged in a good-faith job search in this particular instance.
 {¶ 31} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in granting claimant's application for wage loss compensation and this court should deny relator's request for a writ of mandamus.